IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL "DOE",<br><br>  Plaintiff,<br><br>  v.<br><br>GEISINGER HEALTH PLAN, *et al.*,<br><br>  Defendants | Case No. 4:25-cv-01199-MWB |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED
ANONYMOUSLY**

Plaintiff, Michael "Doe," hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and states as follows:

**I.   MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.  QUESTION PRESENTED:**

1. Whether Plaintiff should be permitted to proceed with a pseudonym and redact her home address from the Complaint because she has articulated a legitimate fear of severe harm that is reasonable under existing Third Circuit precedent?

   Suggested Answer: **YES.**

**III. STATEMENT OF FACTS:**

Plaintiff files the instant request for anonymity in order to proceed anonymously, as Michael "Doe," in Plaintiff's Complaint. Plaintiff identifies in

the Complaint as a "transgender female." *See* Pltf.'s Compl., ECF No. 1, at para. 20. Plaintiff's legal name is "Michael," and her preferred pronouns are "she" and "her." *See id.* at para. 2. Plaintiff was also diagnosed with gender dysphoria ("GD"). *See id.* at para. 21.

Plaintiff alleges that the Defendants, Geisinger Health Plan, Geisinger Quality Options, Inc., Geisinger Indemnity Insurance Company, Geisinger Health System, and Geisinger (the "Geisinger Defendants") discriminated against Plaintiff by refusing to extend insurance coverage to Plaintiff for facial feminization surgery ("FFS") procedures which were sought in order to alleviate Plaintiff's gender dysphoria. *See id.* at para. 44. Plaintiff contends that the Geisinger Defendants operated their cosmetic surgery exclusion in a discriminatory manner, deeming the procedures Plaintiff sought to be cosmetic procedures when, in fact, the procedures were being sought as medical treatment for Plaintiff's gender dysphoria disability, in accordance with the plain terms of Defendants' policy. *See id.* at para. 45.

Plaintiff alleges that the Geisinger Defendants, "in practice, drew a line between the aforementioned procedures sought as a form of gender affirming care and treatment, and other procedures, and specifically excluded the aforementioned gender affirming procedures for Plaintiff and other transgender people with a gender dysphoria diagnosis." *See id.* at para. 46. Plaintiff alleges that the Geisinger Defendants "intentionally carved out an exclusion based on Plaintiff's

transgender status and discriminated against Plaintiff as a transgender person on the basis of sex." *See id.* at para. 48. Plaintiff contends the Geisinger Defendants, in practice, discriminated against Plaintiff by excluding the aforementioned procedures because the procedures were gender affirming procedures which constituted discrimination against Plaintiff because she is transgender. *See id.*

The instant action has also been filed against Risant Health and against Kaiser Permanente. Plaintiff's Complaint alleges, "Geisinger Health System was acquired by Risant Health on March 31, 2024. Risant Health and Risant Health, Inc., are subsidiaries of Kaiser Permanente, Kaiser Foundation Health Plan, Kaiser Foundation Hospitals, or Permanente Medical Groups. Kaiser Permanente is the parent organization of Risant Health. Risant Health's first acquisition was Geisinger Health System." *See id.* at para. 8.

Plaintiff alleges Defendants discriminated against Plaintiff based on Plaintiff's sex and disability in violation of Section 1557 of the Patient Protection and Affordable Care Act ("ACA"). Plaintiff has also brought causes of action for breach of contract and of the duty of good faith and fair dealing, and a claim under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The latter claim relates to the alleged misrepresentations made to Plaintiff at the time of the sale of the insurance policy that the plan would cover facial feminization procedures.

With this Motion, Plaintiff seeks to proceed anonymously in the instant litigation. Plaintiff legitimately fears future harm against her on account of her gender identity if her name and address are revealed in this lawsuit. As explained more fully below, courts have permitted anonymity for transgender litigants bringing claims of discrimination under similar circumstances. For all of the reasons set forth more fully below, Plaintiff respectfully requests that this Court permit Plaintiff to adopt the pseudonym, "Jane Doe," in this litigation, and to redact her address from the Complaint and any amendment thereto.

## IV. **LEGAL ARGUMENT:**

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there is a legitimate fear of social stigma resulting from disclosure of the party's sexual orientation or gender identity. *See Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011); *see also Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In *Doe v. Megless*, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in *Doe v. Borough of Morrisville*, *supra.*, for its holding that cases involving a litigant's transgender status were generally appropriate for pseudonyms. *Megless*, 654 F.3d at 408-09 (citing *Doe v. Borough of Morrisville*, 130 F.R.D. at 614)).

The Third Circuit in *Doe v. Megless* explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Megless*, 654 F.3d at 408-09. Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Megless*, 654 F.3d 404, 408 (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)); *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in *Megless* adopted a "non-exhaustive" list of factors from *Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1) The extent the litigant's identity has been kept confidential;

(2) The basis on which disclosure is feared or avoided, and its substantiality;

(3) The magnitude of the public interest in maintaining the litigant's confidentiality;

(4) Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

(5) Whether the litigant has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1)   Whether there is universal public interest in accessing the litigant's identity;

(2)   Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3)   Whether opposing counsel, the public, or the press is illegitimately motivated.

*Megless,* 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467).

### A.     **Plaintiff Has Sufficiently Articulated a Legitimate Fear of Severe Harm That Is Reasonable Under the Circumstances.**

The Third Circuit explained in *Doe v. Megless* that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity. *Megless*, 654 F.3d at 409.

Plaintiff notes that conditional grants of anonymity under analogous circumstances have been ordered in the Eastern District of Pennsylvania in several cases of discrimination involving similar subject matter, alleged discriminatory denials of insurance coverage for gender affirming care and treatment, including in *Jane Doe v. Independence Blue Cross*, No. 2:23-cv-01530, ECF No. 4 (E.D. Pa. Apr. 21, 2023); *Jane Doe v. Drexel University, et al.*, No. 2:23-cv-03555, ECF Nos. 13-14 (E.D. Pa. Dec. 4, 2023); *Jane Doe v. City of Philadelphia, et al.*, No. 2:24-cv-00468, ECF No. 4 (E.D. Pa. Feb. 2, 2024); and *Jane Doe v. Cigna Health*

6

*and Life Insurance Company, et al.*, No. 2:24-cv-06900 (E.D. Pa. Mar. 17, 2025), ECF No. 22. The holdings and the analyses in these cases with respect to anonymity are persuasive and should be similarly utilized in the instant case. It should be noted that the insurance company defendants in *Doe v. Cigna Health and Life Insurance Company*, *et al.*, for example, opposed Plaintiff's request for anonymity. The Cigna defendants reasoned that they would be hampered during discovery without knowing Plaintiff's identity. The court, however, disagreed with that reasoning, construed Plaintiff's Motion as pertaining to the pleadings and not discovery, and therefore found the Motion appropriate. The court therefore granted the motion to proceed anonymously. It should be noted in that case, as with the instant case, undersigned counsel had nevertheless agreed to conduct discovery and depositions using Plaintiff's real name.

Additionally, in *Doe v. Commonwealth of Pennsylvania, et al.*, No. 19-2193, ECF No. 5 (M.D. Pa. Jan. 14, 2020), a Middle District of Pennsylvania case involving the alleged discriminatory denial of insurance coverage for gender affirming care and treatment from the Commonwealth of Pennsylvania's employer sponsored health insurance plan, the Honorable Sylvia H. Rambo reasoned that anonymity for the plaintiff was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken

from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case." *Doe v. Commonwealth of Pennsylvania, et al.*, No. 19-2193, ECF No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020). While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person." *Id.* at p. 3. *See also Doe v. Dallas*, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3) (anonymity permitted for transgender litigant alleging discrimination under the Affordable Care Act); *Doe v. Romberger*, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity permitted for transgender litigant bringing a challenge to change a gender marker on a birth certificate).

Similarly, in several recent employment discrimination cases involving transgender employees in this jurisdiction, courts in the Eastern District of Pennsylvania have permitted conditional grants of anonymity to the employee in litigation under analogous circumstances. *See, e.g., Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018); *Doe v. Triangle Doughnuts, LLC*, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020); and *Doe v. Genesis Healthcare*, No. 21-551 (E.D. Pa. Apr. 23, 2021).

Further, in *Doe v. Pennsylvania Department of Corrections*, this Court granted the request of a transgender employee in an employment discrimination case that the plaintiff could pursue the case anonymously as "John Doe" in the litigation. *See Doe v. Pa. Dep't of Corrections*, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.). The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." *Id. See also Doe v. Univ. of Scranton*, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court permitted anonymity for an adult student alleging sexual orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

In this case, Plaintiff's request comports with this Court's and other courts' grants of anonymity to transgender litigants in this jurisdiction as well as in the Eastern District of Pennsylvania. Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant

Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution for bringing the instant case.

The recent case of *T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634-JMG, 2023 WL 4868099 (E.D. Pa. July 31, 2023), in which the transgender plaintiff was not permitted anonymity in the litigation, is distinguishable because in that case the court's analysis was heavily influenced by the plaintiff's "voluntary decisions to identify herself in recent similar litigation and to reveal identifying information in the instant action," which are not facts that are present in the instant case. *See T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634-JMG, 2023 WL 4868099, at *4 (E.D. Pa. July 31, 2023). Further, *T.D.H.* still cited affirmatively the recent opinion of Judge Beetlestone in *Doe v. City of Philadelphia*, which was also a case concerning an alleged discriminatory denial of insurance coverage for gender affirming care and treatment, and a case upon which Plaintiff relies in the instant matter. Plaintiff has sought to keep her name and address confidential in the instant litigation with the present Motion to Proceed Anonymously. The instant matter is distinguishable from *T.D.H.* and Plaintiff's request in the instant matter to proceed anonymously should be granted.

In this case, in support of Plaintiff's request, she has supplied a Declaration attached hereto as Exhibit "A." In Plaintiff's Declaration, she has set forth facts to demonstrate, of particular relevance here, as follows:

1. Throughout my life, I have been mocked, insulted, and harassed with slurs for being transgender.

2. I recollect a person that I worked with previously stated that he thought I was transgender. That same individual threw an object at me that hit me in the back of the head.

3. Based on my life to date, I fear that disclosure of my personal identity in this matter will cause me severe harm.

4. I fear that the disclosure of my personal identity in the present matter as well as the details of my personal health information will harm me in the future.

5. In today's current climate, because of stigma toward people who are transgender, I believe that transgender people are even more susceptible to physical violence.

. . .

*See* Plaintiff's Declaration, a true and correct copy of which has been attached hereto as Exhibit "A." The attached Declaration has been redacted of Plaintiff's name and signature consistent with the instant request for anonymity.

Plaintiff respectfully requests that this Honorable Court permit her to adopt the name, Michael "Doe," in the instant litigation. Plaintiff requests that this Court permit Plaintiff to redact her home address from the Complaint and any amendment thereto. Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

11

### B. The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to *Megless*, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity ... ." *Megless*, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity. *Id.*

Generally speaking, as stated above, people who are transgender are recognized as having a strong interest in keeping their identity confidential in civil litigation. *See Doe v. Pa. Dep't of Corrections, supra*, 2019 WL 5683437, at *2; *see also Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

Consideration of the public interest here also weighs in favor of Plaintiff and against Defendants. In the instant case, in addition, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing Plaintiff's identity in the litigation. *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). This consideration was also recently recognized by Judge Beetlestone in *Doe v. The Gardens for Memory Care at Easton*, an employment discrimination case brought by a transgender employee, where Judge Beetlestone

reasoned that the public interest weighed in favor of the plaintiff in that case because the plaintiff was a "certified nursing assistant, not a public figure." *See Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018). The instant matter is an insurance coverage matter. Plaintiff is not a public figure. This factor weighs in favor of granting Plaintiff's anonymity request.

Once more, as recognized by the Middle District of Pennsylvania, while it is acknowledged there may be an interest in general in the development of the law surrounding, as this Court has recognized, "transgender issues" or "transgender litigation," *see Doe v. Pennsylvania Department of Corrections, supra*, 2019 WL 5683437, at *2, there is very little public interest in knowing the specific identity of any particular transgender litigant. *See Doe v. Commonwealth, supra*, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding their gender identity. Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not face severe harm. If the instant Motion were denied, then Plaintiff and potential future litigants would be faced with the choice of having

to proceed with the case under their real name or otherwise having to drop the lawsuit to avoid revealing their identities. Plaintiff respectfully submits justice would not be served in such an instance.

Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request. Plaintiff has submitted a Declaration which supports her reasonable fear of severe harm. Plaintiff respectfully requests that the instant Motion be granted.

### C. Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.

Plaintiff only seeks to keep a limited amount of information confidential. It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity." *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, *Doe v. The Gardens for Memory Care at Easton. See Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, similar to *Doe v. The Gardens for Memory Care at Easton*, Plaintiff is agreeable, at this time, to engaging in discovery and conducting depositions

14

with her legal name being used. Plaintiff is also not requesting that this case or any document be sealed at this time. Plaintiff is respectfully moving the Court for permission to proceed with the designation, Michael "Doe," and redact her home address from the pleadings. Plaintiff only seeks to keep a limited amount of information confidential. Plaintiff respectfully requests that she be permitted to keep her name and home address private in court filings and that the instant Motion be granted.

## V.     CONCLUSION:

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, Michael "Doe"; and permit Plaintiff to redact her home address from the Complaint, and any amendment thereto.

DATED: 07/02/2025                    Respectfully submitted,

                                     Justin Robinette, Esquire
                                     PA Supreme Court I.D. No. 319829
                                     One Liberty Place,
                                     1650 Market Street, Suite 3600
                                     PMB #2494
                                     Philadelphia, PA 19103
                                     Tel: (267) 595-6254
                                     Fax: (267) 592-3067
                                     Justin@JRobinetteLaw.com

                                     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this 2nd day of July, 2025, the foregoing Brief of Plaintiff in Support of the Motion to Proceed Anonymously was filed using the Court's electronic filing system, and served as follows on today's date, or as soon thereafter as service can be effectuated:

### *VIA PERSONAL SERVICE & ELECTRONIC MAIL*

Jeffrey M. Alex, Esq.
Associate Chief Legal Officer
Geisinger Health Plan
100 N. Academy Avenue
Danville, PA 17822-3220
jmalex@thehealthplan.com

### *VIA PERSONAL SERVICE & FIRST CLASS MAIL*

Risant Health
900 7th Street NW
Washington, DC 20001;

Kaiser Permanente
1 Kaiser Plaza
Oakland, CA 94612

DATED: 07/02/2025

Respectfully submitted,

*[signature]*

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
One Liberty Place,
1650 Market Street, Suite 3600
PMB #2494

Philadelphia, PA 19103  
Tel: (267) 595-6254  
Fax: (267) 592-3067  
<u>Justin@JRobinetteLaw.com</u>

*Attorney for Plaintiff*